# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JEFRE BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-00632** |
| | ) | |
| **SHERIFF'S DEPARTMENT, Davidson County,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jefre Baker, a Nashville resident proceeding pro se, filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office (DCSO). (Doc. No. 1.) Plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

## I. PAUPER STATUS

Plaintiff's IFP application reports minimal income and assets, roughly $200 in a checking account, and the fact that he is homeless.[1] It thus appears that Plaintiff cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial

---

[1] In the Complaint (Doc. No. 1 at 2), Plaintiff provides a Lafayette Street address that appears to be the location of the Nashville Rescue Mission.

review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010)

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

**B. Analysis**

Plaintiff sues the DCSO to recover for injuries he sustained on April 1, 2026, when he was assaulted by "another [H]aitian inmate" in a holding cell inside the Davidson County Courthouse. (Doc. No. 1 at 4.) He alleges that the inmates in the holding cell, though different security levels, were "corralled … into one room" for the DCSO officers' convenience; that a Caucasian inmate had been assaulted before Plaintiff; and that the other inmates, but no DCSO officers, witnessed the assaults. (*Id.* at 4–5.) Plaintiff alleges that he should have received stitches in his lip area, but

2

"the nurse said it looked fine." (*Id.* at 5.) He alleges that the wound became infected and required constant cleaning and monitoring but still had not properly healed as of mid-May 2026. (*Id.*) Plaintiff states that he is entitled to compensation because "the maximum[-]security inmates should have been kept separate from minimum-security inmates" within the courthouse holding area. (*Id.*) As grounds for proceeding under Section 1983, he asserts "safety [and] negligence for assault in holding cell." (*Id.* at 3.)

The Court finds that the Complaint, construed liberally and in Plaintiff's favor, is claiming deliberate indifference to safety in violation of the Fourteenth Amendment. However, the DCSO is not a proper defendant to a Section 1983 suit. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (citing cases). Even if the Complaint were construed as asserting a claim against Davidson County itself, it would have to plausibly establish that "a policy or custom of [the County] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Moreover, "[t]hat policy or custom must be specific; if a complaint pleads facts that are 'merely consistent with' liability, it 'stops short of the line between possibility and plausibility of relief.'" *Patterson v. City of Clarksville*, No. 3:23-cv-00682, 2025 WL 3048999, at *5 (M.D. Tenn. Oct. 31, 2025) (quoting *Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010)).

Plaintiff alleges that inmates of different security classifications were held together in the courthouse holding cell "only for [the officers'] convenience." (Doc. No. 1 at 5.) Although Plaintiff does not explicitly allege that he was a minimum-security inmate and his assailant was a maximum-security inmate, it is reasonable to draw these inferences. But it is not reasonable to

infer from the Complaint's allegations that a specific Davidson County policy or custom directs that inmates of different security levels are to be held in the same cell while they await proceedings at the Davidson County Courthouse, to minimize the demands on DCSO officers. Even if there were such a county policy, "the mere fact that a policy does not prevent every random act of violence doesn't make it constitutionally insufficient." *Gifford v. Hamilton Cnty., Tennessee*, No. 24-5893, 2025 WL 1541805, at *3 (6th Cir. May 30, 2025) (citing *Hester v. Morgan*, 52 F. App'x 220, 225 (6th Cir. 2002)). For Davidson County to be liable, an official policy or custom of holding inmates of differing security classifications in the same cell must have been the "moving force" behind Plaintiff's injury. *Id.* It is not enough that such policy was merely one condition for the possibility of Plaintiff's constitutional injury, rather than its "direct cause." *Hardrick v. City of Detroit, Michigan*, 876 F.3d 238, 245 (6th Cir. 2017); *see also Waller v. City of Fort Worth Texas*, 515 F. Supp. 3d 577, 585 (N.D. Tex. 2021), *aff'd sub nom. Waller v. Hoeppner*, No. 21-10129, 2022 WL 4494111 (5th Cir. Sept. 27, 2022) (dismissing municipal liability claim where municipal policies were "but for" causes that merely "set the stage" for constitutional deprivation, rather than the "moving force" behind it).

The Court cannot find that Plaintiff has sufficiently alleged that his injuries on April 1, 2026, were directly caused by any policy of Davidson County, rather than by the conditions in the courthouse on that particular day. The Complaint therefore fails to state a plausible constitutional claim against a suable defendant and must be dismissed. To the extent that Plaintiff seeks to pursue a claim of negligence (*see* Doc. No. 1 at 3), he must do so in state court. *See Chinners v. Graves*, No. 1:21-CV-00055, 2021 WL 5449052, at *4 (M.D. Tenn. Nov. 22, 2021) ("Negligence is simply not a viable theory in an action under Section 1983[.]") (citing *Daniels v. Williams*, 474 U.S. 327, 332–36 (1986)).

## III. CONCLUSION

For the above reasons, this case is **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. *Id.* § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE